UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY STARR; TANA STARR; and BRANDON STARR,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER LASH,<br><br>Defendant. | Case No.: 16CV2064-L(JMA)<br><br>**ORDER RE: JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br>**[DOC. NO. 79]** |

Pursuant to the undersigned's Chambers Rules, on March 21, 2017, the parties filed a Joint Motion for Determination of Discovery Dispute that arises from Plaintiffs Troy and Tana Starr's assertions of a right to privacy with respect to four subpoenas Defendant Christopher Lash served on CIF San Diego, CIF Los Angeles and Taft High School, in Woodland Hills, California. [Doc. No. 79.]

**I.  BACKGROUND**

This case arises from a verbal altercation that took place on October 15, 2015, between Mr. Starr and Mr. Lash, at Mr. and Ms. Starr's residence. Prior to, and at the time of, the altercation, Mr. Starr was employed as the football coach for Helix High School, in La Mesa, California. Mr. Lash was a parent volunteer who served as an assistant coach for the team. Mr. Starr and Mr. Lash's

relationship was cordial at times, and rocky at others, with the two occasionally disagreeing about the other's tactics and treatment of team members. In October 2015, Mr. Lash accused Mr. Starr of a CIF rule violation in which Mr. Lash believed he had unintentionally involved himself. The tension between the two culminated on October 15, 2015, when Mr. Lash went to the Starr residence to confront Mr. Starr. The two had a brief but heated conversation in front of the home, during which Mr. Lash is alleged to have verbally threatened physical harm to Mr. Starr. Ms. Starr, who at the time was a teacher at Helix High School, was inside the home and overheard, but did not see, the dispute. Plaintiffs contend this verbal altercation caused severe emotional distress to both Mr. and Ms. Starr, necessitating her hospitalization and admission to a psychiatric unit on October 23, 2015, and both Mr. and Ms. Starr's resignation from their positions with Helix High School. The Starrs contend he can no longer coach football and she can no longer teach due to the severe emotional distress inflicted by Mr. Lash.

     Mr. Lash's defense, on the other hand, is that Mr. Starr's resignation was not caused by the verbal altercation. Mr. Starr, he contends, had a troubled pattern of conduct that caused him to be the subject of investigations by CIF San Diego with respect to his time at Helix High School, and also by CIF Los Angeles, with respect to Mr. Starr's prior employment as a football coach at Taft High School from 1992 to 2007. Mr. Lash posits Mr. Starr's voluntary mid-season resignation from Helix High School for the stated reason of wanting to spend more time with his family is questionable, and was more likely intended to forestall any further CIF investigation and possibly disciplinary action against the Helix High School football program. Mr. Lash further contends Mr. Starr's voluntary resignation from Taft High School, which was subjected to discipline by CIF Los Angeles during Mr. Starr's tenure there, may have also been related to misconduct and rule violations by Mr. Starr, as opposed to his stated reason of

wanting to spend time with family.

## II. JURISDICTION

Fed. R. Civ. P. 45(c)(3) specifically directs motions to quash or modify a subpoena must be filed in the court for the district where compliance is required. CIF Los Angeles is located in Granada Hills, California, and Taft High School is located in Los Angeles, California, so jurisdiction over a motion related to the three subpoenas that were served on these entities properly lies with the Central District of California unless transferred to this Court, pursuant to Fed. R. Civ. P. 45(f), which has not occurred here. Under Fed. R. Civ. P. 26(c)(1)(D), however, upon a showing of good cause, the Court may issue a protective order to limit the scope of discovery to certain matters in order to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense." Although the Court is loath to consider issues that may impinge on another court's jurisdiction, because this dispute is limited to the parties, both of whom have sought this Court's intervention in the matter, and in the interest of economy, the Court will consider the Starrs' arguments with regard to these three subpoenas under Fed. R. Civ. P. 26(c)(1)(D). The Court's determination under Fed. R. Civ. P. 26(c)(1)(D) regarding whether the Starrs have demonstrated good cause for the Court to prohibit discovery of CIF Los Angeles and Taft High School records is without prejudice to any objections these third-parties may independently have with respect to the subpoenas.

## III. PLAINTIFF'S OBJECTIONS RE: PRIVACY & RELEVANCY

Under federal law, discovery is purposefully broad. Fed. R. Civ. P. 26(b)(1). Each party generally has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* Information within the scope of discovery need not be admissible at trial in order to be discoverable. *Id.* Because the Starrs contend their employment records are protected by a constitutional right to privacy under

3

California law, additional factors come into play. *Board of Trustees v. Superior Court*, 119 Cal. App. 3d. 516 (1981). Mr. Lash, they argue, must do more than satisfy the general relevancy standard, and instead must establish the information sought is "directly relevant to Plaintiff's claim and essential to the fair resolution of the case." *citing Vinson v. Superior Court*, 43 Cal.3d 833, 842 (1987).

Because this is a diversity jurisdiction case, assertions based on privacy rights are determined under applicable California state law. Fed. R. Ev. 501; *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998). Under the California Constitution, an individual's right to privacy is inalienable. Cal. Const. art. I, §1. The right to privacy is not absolute, however, but rather a right subject to invasion where a compelling public interest is involved. *Hill v. Nat'l Collegiate Athletic Ass'n.*, 7 Cal. 4th 1, 37-38 (1994); *See also Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995). When evidence is particularly important to a claim or defense, a party's right to discovery of that evidence is more likely to outweigh competing privacy claims. *Denari v. Superior Ct. (Kern County)*, 215 Cal. App. 3d 1488, 1501 (1989).

### *A. Taft High School Employment Records*

The Starrs argue under California state law, a party's private employment records are available only upon a showing the records are directly relevant and that the right to privacy is outweighed by a compelling need for the records, citing *Board of Trustees*, 119 Cal. App. 3d. 516. In *Board of Trustees*, the personnel records sought were those of a non-party to the case and were found to be not discoverable. *Id.* at 524. In this case, however, the records sought are those of the plaintiffs. As opposed to the situation involving non-parties, who do not voluntarily involve themselves in litigation and whose employment records are not at issue, the Starrs' own employment records, both current and former, do have a bearing on the claims and defenses asserted in this lawsuit.

In determining whether a plaintiff has waived the right of privacy by bringing suit, the California Supreme Court has noted that although there may be an implicit partial waiver, the scope of such waiver must be narrowly, rather than expansively, construed so that plaintiffs will not be unduly deterred from instituting lawsuits by fear of exposure of private activities. *Davis v. Superior Court (Kern County)*, 7 Cal. App. 4th 1008, 1014 (1992) *citing Vinson*, 43 Cal.3d at 842. An implicit waiver of a party's constitutional rights encompasses only discovery directly relevant to the plaintiff's claim and essential to the fair resolution of the lawsuit. There must be a compelling and opposing state interest in justifying the discovery. Even when discovery of private information is found directly relevant to the issues of the ongoing litigation, it will not be automatically allowed. There must be a careful balancing of the compelling public need for discovery against the fundamental right of privacy. The scope of any disclosure must be narrowly circumscribed, drawn with narrow specificity, and must proceed by the least intrusive manner. *Id.*

### 1. Mr. Starr's Personnel Records

The Court is persuaded of the direct relevance of Mr. Starr's personnel records from Taft High School. Mr. Starr seeks to recover damages for lost income, contending he can no longer coach football due to Mr. Lash's conduct. The Taft High School personnel records are relevant to determine the scope and nature of Mr. Starr's prior employment, his performance, including whether there were complaints about it, and why Mr. Starr stopped coaching at that school. Furthermore, Mr. Lash informs the Court that the Taft High School football program was subjected to discipline as a result of misconduct and rule violations by Mr. Starr. His personnel file may contain information that could demonstrate a pattern and history of improper conduct, akin to the behavior Mr. Lash claims he witnessed and which precipitated the complaints about Mr. Starr to CIF San Diego.

### *2. Ms. Starr's Personnel Records*

Like her husband, Ms. Starr also alleges she is unable to work due to Mr. Lash's conduct. Similarly, her personnel records from Taft High School are directly relevant to determine the scope and nature of her prior employment, as well as her performance.

### *3. Compelling Need*

Discovery of the Starrs' personnel records with Taft High School is essential to the fair resolution of the lawsuit, and Mr. Lash's need thereof is compelling, as this information is unlikely to be available from any other source. Although the two subpoenas to Taft High School request the Starrs' employment records from June 1, 1992 through December 31, 2007, Mr. Lash has since agreed to narrow the time period for the requested documents to five years.[1] Limiting production of the Starrs' prior employment records to the five-year period preceding their departure from Taft High School sufficiently narrows the scope of disclosure. The Starrs' privacy interests, which are not absolute under California law, can be adequately protected by means of a protective order. The Court, therefore, finds the Starrs have not demonstrated good cause for the Court to restrict discovery of these records.

### **B. CIF San Diego and CIF Los Angeles Records**

The documents requested of CIF San Diego and CIF Los Angeles relate to any investigations, hearings, discipline or any charges or complaints of any violation by Mr. Starr of any CIF rule, regulation, code or requirement. These are not "employment records," which is defined by Cal. Code Civ. P. § 1985.6 as records "pertaining to the employment of any employee maintained by the

---

[1] Mr. Lash describes the five-year period as 2002-2007, which is actually a six-year time period The Court, therefore, construes Mr. Lash's narrowing of his requests for the Starrs' Taft High School personnel records to apply to January 1, 2003 to December 31, 2007, which is the most recent five-year time period covered by the subpoenas.

current or former employer of the employee, or by any labor organization that has represented or currently represents the employee." Mr. Starr was not employed by either CIF San Diego or CIF Los Angeles and neither entity is a labor organization that represented him. Mr. Starr, thus, does not have a constitutional right to privacy as to these documents and their discoverability is subject to the general relevancy standard of Fed. R. Civ. P. 26(b)(1).

### 1. CIF San Diego Records

Mr. Starr seeks lost income, contending he is unable to work as a football coach because of Mr. Lash's statements to him. Discovery regarding whether other circumstances, i.e., complaints to or investigations by CIF San Diego, may have been a contributing factor to Mr. Starr's voluntary resignation is clearly relevant to the defenses asserted by Mr. Lash, and is proportional to the needs of the case.

### 2. CIF Los Angeles Records

The CIF Los Angeles records are relevant for reasons similar to why Mr. Starr's Taft High School records are relevant.[2] As discussed above in relation to his employment records, Mr. Lash contends Mr. Starr has a history of CIF regulation violations and resulting investigations and disciplinary actions. The CIF records from his tenure as football coach at Taft High School are, thus, relevant and discoverable in order for Mr. Lash to determine whether a pattern of conduct exists with regard to Mr. Starr's coaching practices and subsequent resignations.

Although the CIF San Diego and Los Angeles records are not subject to the privacy protections afforded employment records, and Mr. Lash, therefore, need not demonstrate he has a compelling interest in these records, a compelling need does exist. Discovery of the CIF records is essential to the fair resolution of

---

[2] Like the two subpoenas to Taft High School, Mr. Lash's subpoena to CIF Los Angeles also requests records from June 1, 1992 through December 31, 2007, however, Mr. Lash has since agreed to narrow the time period for the requested documents to the same five-year period that pertains to the Taft High School personnel records.

7

the lawsuit, and Mr. Lash's need thereof is compelling, as this information is directly relevant to the claims and defenses and is unlikely to be available from any other source. Furthermore, Mr. Starr can be adequately protected from dissemination of these records to outside parties, by means of a protective order. The Court, therefore, finds Mr. Starr has not demonstrated good cause for the Court to restrict discovery of the CIF San Diego or CIF Los Angeles records.

### IV. CONCLUSION

Based on the foregoing, the Court finds Mr. and Mrs. Starr have not demonstrated good cause to prohibit Mr. Lash from subpoenaing the CIF San Diego records from June 1, 2008 to December 31, 2015, or the Starrs' employment records from Taft High School or the CIF Los Angeles records for the time period January 1, 2003 to December 31, 2007. The parties are to promptly meet and confer and prepare a joint motion for a proposed protective order.

Dated: April 19, 2017

Honorable Jan M. Adler
United States Magistrate Judge